UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,　　　　　　　　　　　　　Case No. 3:14-cr-272

　　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Corey Dotson,

　　　　　　Defendant.

## I.　Introduction and Background

On August 19, 2014, Defendant Corey Dotson was charged by indictment with one count of illegally possessing a firearm when prohibited by federal law, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1-4). Dotson subsequently pled guilty, and I sentenced him to a term of 72 months in custody and 2 years of supervised release. (Doc. No. 25).

Dotson was released from prison on February 27, 2020, and has filed a motion seeking the early termination of his term of supervised release. (Doc. No. 30). The government has filed a brief in opposition to Dotson's motion. (Doc. No. 31). For the reasons stated below, I deny Dotson's motion.

## II.　Discussion

Modification of a term of supervised release is governed by § 3583(e). That subsection permits a court to terminate a term of supervised release after the expiration of one year of supervised release if the early termination is "warranted by the conduct of the defendant . . . and the

interest of justice," as well as the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e)(1).

While Dotson has served over one year of his term of supervised release, I conclude early termination is not appropriate. Dotson tested positive for marijuana on at least five separate occasions while on supervised release, in violation of the terms of his supervision. He also has not maintained employment as required by his supervised release terms. While Dotson represents he is not able to maintain employment due to residual pain from a gunshot wound, he has not yet provided sufficient medical documentation of his alleged inability to work to the probation department. (Doc. No. 31 at 2). Due to Dotson's conduct while on supervised release, he is being supervised at a "high-risk level." (*Id.*).

While I acknowledge the challenges Dotson faces in attempting to turn his life around, I conclude a reduced term of supervised release would not be sufficient to comply with the purposes of sentencing set forth in § 3553(a), particularly the need to provide adequate deterrence to future criminal conduct and the need to provide Dotson with correctional treatment in the most effective manner.

### III. CONCLUSION

I conclude early termination of Dotson's supervised release is not warranted by his conduct or the interest of justice. Therefore, and for the reasons set forth above, I deny his motion for early termination. (Doc. No. 30).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge